Beade, J.
 

 We are of the opinion that the injunction ought not to have issued without bond. The statute provides that no injunction shall issue except upon security. Bev. Code, c. 32, s. 14. And the statute allowing a suit
 
 in forma pauperis
 
 applies to costs, and does not embrace an injunction. But the defendant may waive the irregularity. And the delay of the defendant for six years to move a dissolution of the injunction authorized the court to infer a waiver on the part of the defendant. So an appeal bond is necessary in cases of appeal, but in
 
 Wallace
 
 v.
 
 Corbitt,
 
 4 Ire. 45, after a delay of three years to move to dismiss for want of a bond, the court presumed a waiver of the right; and in
 
 Arrington
 
 v.
 
 Smith,
 
 4 Ire. 59, the same was presumed •after a delay of two years. In the case before us the record shows that no motion -was made until after six years. It was indeed stated at the bar that the motion was made at the coming in of the answer. The record, however, does not show it, and if it did it would not alter the case, because a waiver would be presumed from the delay to
 
 call up
 
 the motion.
 

 It was alleged as a reason for the motion that the plaintiff was committing waste upon the land in controversy. That allegation, if supported by affidavits, would have been
 
 *252
 
 a sufficient ground for an order in tbe cause to restrain the plaintiff from committing waste.
 

 We think that his Honor had a discretion to refuse the motion to dissolve under the circumstances.
 

 This opinion will be certified to the court below, to the end, &c.
 

 Per Curiam.
 

 There is no error.